MANFREDI, Judge.
The Plaintiff, on July 16, 2002, filed a Notice of Claim with the Gaming Disputes Court, which was received by the Court on July 22, 2002. The Notice alleges a wrongful termination; breach of employment contract, and a breach of implied covenant of good faith and fair dealing in connection with the Plaintiffs employment with the Mohegan Tribal Gaming Authority; which actions took place on January 27, 2002. On September 13, 2002 the Plaintiff filed a Complaint with the Court in five counts alleging;
1.) breach of contract;
2.) wrongful termination of employment;
3.) intentional infliction of emotional distress;
4.) negligent infliction of emotional distress; and
5.) breach of an implied contract of employment. j
The Defendants have filed a Motion to Dismiss the Complaint on the basis of lack of jurisdiction. The grounds for the Motion were lack of jurisdiction due to Sovereign Immunity and lack of jurisdiction due to untimely filing.
On November 21, 2002 the Plaintiff filed a Request for Leave to Amend her Complaint. A Proposed Amended Complaint alleges essentially the same causes of action but claims that the Plaintiff was terminated on January 27, 2002 and then apparently re-employed and terminated again on April 16, 2002. The Proposed Amended Complaint also contains a count alleging the Defendant made false representations to the Plaintiff upon which she relied to her detriment.

DISCUSSION:

“Once the question of lack of jurisdiction of a Court is raised, it must be disposed of no matter in what form it is presented and the Court must fully resolve it before proceeding further with the case.” Iwanicki v. Jablonsky, ex rel. Estate of Jablonsky, 2002 WL 378311, (Conn.Super.2002).
Therefore, before proceeding with any other matters in connection with this case, the Motion to Dismiss must be resolved. In deciding a Motion to Dismiss, the Court must consider the allegations of the Complaint in the light most favorable to the non-moving party. It is clear that the Mohegan Tribal Gaming Authority is an entity of the Mohegan Tribe of Indians of Connecticut and possesses sovereign immunity in connection with claims against it unless there has been a clear and unequivocal waiver of that immunity. A review of the claims asserted by the Plaintiff indicates from its allegations that all of the claims of the Plaintiff arise out of her employment and/or termination from em *515 ployment by the Mohegan Tribal Gaming Authority.
Insofar as this Complaint raises any issues of tortious conduct by the Defendant, then the Mohegan Torts Code, Ordnance Number 2001-07 applies. Section 4E of the Code states as follows:
“This Code shall not apply to any claims by employees of the MGTA arising from or out of their employment' by the MTGA or from or out of their supervision by MTGA executives, managers, or supervisors. All rights, claims, and remedies of employees of the MTGA are codified elsewhere, and this Code contains no waiver of sovereign immunity by either the Mohegan Tribe or the MTGA so as to permit claims arising from any aspect from the employment relationship between the MTGA and its employees, nor does this Code constitute a consent by the Mohegan Tribe or the MTGA to be sued by any MTGA employee.”
Counts Three, Four and Five of the original Complaint filed allege actions based in tort, i.e., intentional inflection of emotional distress, negligent inflection of emotional distress, and wrongful termination. Each of these Counts therefore must be dismissed inasmuch as the Tribe has not waived sovereign immunity in connection with the tortious conduct alleged by employees.
The remaining Counts, One and Two, of the Complaint essentially allege breach of employment contracts. As pointed out by the Defendants in their Memorandum of Law, because the allegations of the Complaint pertain to employment issues arising before August 14, 2002, Mohegan Tribal Ordinance 98-2, the Discriminatory Employment Practices Ordinance controls the disposition of these counts. That ordinance in relevant part states:
“The Mohegan Tribal Gaming Authority does not waive its sovereign immunity from claims, appeals, suits, complaints, or charges by any person based on any theory of liability from damages resulting from breach of express or implied contract or quasi contract or from negligent or intentional tortious conduct arising in, from, or out of the person’s employment or the application for or termination of employment.”
The language of the ordinance could not be any clearer. The Mohegan Tribe and the Mohegan Tribal Gaming Authority have not consented to suit in connection with the matters alleged in Counts One and -Two of the Plaintiffs Complaint and therefore they are immune from such actions pursuant to the Doctrine of Sovereign Immunity. Counts One and Two must also be dismissed.
Finally, as to the matters raised in the Proposed Amended Complaint, they are essentially the same causes of action alleged in the original Complaint and must be dismissed for the same reasons. Count Six of the Proposed Amended Complaint is a new allegation of what has been characterized by the Plaintiff at oral argument as fraud. Whether under the Mohegan Torts Code or the Mohegan Discriminatory Employment Practices Ordinance, such a claim arise out of Plaintiffs employment, and the Tribe and the Authority have not waived their sovereign immunity in connection with such claims. Therefore, Count Six of the Proposed Amended Complaint must be dismissed also.